THOMPSON, Judge.
Newsom appeals an order denying his petition for writ of prohibition. The appeal is treated as a petition for writ of certiora-ri. The petition for writ of certiorari is denied and the order denying the petition for writ of prohibition is affirmed.
Newsom was arrested for driving while intoxicated and for driving with a suspended or revoked license on February 12, 1984. At his arraignment on March 1, 1984, he elected to have a nonjury trial which trial was scheduled for April 23, 1984. Sometime between the March 1, 1984 arraignment and the scheduled date for the nonju-ry trial of April 23, 1984, Newsom apparently changed his mind about proceeding with a nonjury trial. The record does not reflect how long before the scheduled trial date Newsom changed his mind and acquired counsel, but counsel did not file a notice of appearance or demand a jury trial until the date the case was scheduled for the nonjury trial. The court then scheduled a jury trial for June 11, 1984, a date outside of the 90-day speedy trial period. Neither Newsom nor his attorney made any objection to the scheduled jury trial date of June 11. After the jury trial was scheduled Newsom’s attorney conducted discovery which included the taking of several depositions on May 18, 1984, after the 90-day speedy trial period had run.
On May 21, 1984 Newsom filed a motion for discharge asserting: (1) that he had not been notified he was expected to appear in court on any day other than April 23, 1984, (2) that he was in fact in court on that day through his attorney, and (3) that he was available at all times between his arrest date and the date of the filing of the motion for discharge. He then asserted that because more than 90 days had passed since February 12, 1984 he was entitled to discharge. The county judge denied the motion for discharge finding that the actions of defendant’s counsel in removing the case from one docket and placing it on another docket were assumed to have been done with full knowledge that the date of the jury trial scheduled in the cause would place it beyond the time periods extended in the speedy trial rule. The judge found by making such a request on behalf of the defendant counsel took an action that was tantamount to a request for a continuance and a waiver of the speedy trial rights of the defendant.
Newsom thereafter filed a petition for writ of prohibition in the circuit court alleging that the county judge’s denial of the motion for discharge was based on an erroneous finding that the delay in scheduling the defendant’s trial was “attributable to the accused” within the meaning of Fla.R. Crim.P. 3.191(d)(3). The circuit judge denied the writ of prohibition, finding that the only conceivable effect of the demand for jury trial filed on April 23, 1984, regardless of Newsom’s constitutional rights therefor, was to ask for a continuance after having waived such constitutional jury trial right at the arraignment on March 1, 1984. The circuit judge also took judicial notice that certain times are set aside for nonjury trials and other times for jury trials. He found that a defendant may not be permitted to waive jury trial, causing a nonjury trial to be set within the prescribed speedy trial period, and then, at the appointed trial time, assert his constitutional right to a jury trial necessitating a delay to accomplish his desire and claim his speedy trial rights are thereby violated.
We agree with the trial judge that the delay in scheduling Newsom’s trial was attributable to the accused. When the defendant waited until the day of his timely scheduled non-jury trial to request a jury trial, it was tantamount to a request for a continuance and to an admission that defendant was not ready for trial on the scheduled date. Newsom has failed to demonstrate that the trial judge departed from the essential requirements of law in any manner, and the order denying the petition for writ of prohibition is affirmed.
WILLIS, BEN C. (Ret.), Associate Judge, concurs.
ERVIN, J., specially concurs with opinion.