## VARTY v STATE OF FLORIDA

### Case No. 89-35 AC A02 (County Court Case No. 88-29448 TC A04)

Fifteenth Judicial Circuit, Palm Beach County

February 2, 1990

### APPEARANCES OF COUNSEL

**Kayo E. Morgan, Esquire,** for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before COLBATH, CARLISLE, COHEN, JJ.

### OPINION OF THE COURT

COLBATH, W.

REVERSED AND REMANDED with instructions to the trial court:

THE ISSUE on appeal is whether the Defendant waived her right to a speedy trial by insistence on trial by jury. After arrest on September 27, 1988 and arraignment on October 25, 1988, appellant appeared for trial on November 21, 1988 and was informed that the case had been noticed and would be heard non-jury. Defendant insisted that at no time had she waived her right to trial by jury and the case was continued to December 9, 1988 at which time the State moved for and received a continuance over vehement objection by the defense. Thereupon, the case was reset for December 30, 1988 at which time defense filed a Motion for Discharge for failure to comply with the speedy trial rule which was denied. On March 1, 1989, Defendant entered a plea of no contest reserving her right to appeal the speedy trial issue. Thereafter, this appeal was timely filed.

The state argues that because the case was originally noticed non-jury, the Defendant by not immediately objecting thereto and thereafter appearing for trial, waived her right to speedy trial. In support of its position, the State cites *Newsom v State, ex rel. Morris,* 492 So.2d 445 (Fla. 1st DCA 1986). The *Newsom* case is clearly distinguishable from this case in that Defendant Newsom initially elected to go non-jury at his arraignment and did not demand jury trial until the day the case was scheduled. The State argues that the Defendant herein made no demand for jury trial at her arraignment, nor objection to the State's Notice of Non-Jury Trial and therefore, those two acts are tantamount to waiver.

The *Constitution of the United States, Amendment VI* and *Sec 22, Article I, Constitution of the State of Florida* preserve inviolate the right to a trial by jury; so does *Fla.R.Crim.P. Rule 3.251.* In addition, *Fla.R.Crim.P. Rule 3.260* requires any waiver of jury trial to be in writing. Therefore, it is patently obvious to the Court that a criminal defendant need not affirmatively ask for a trial by jury as that right is granted by law, neither can he be forced to take affirmative action to preserve that right because of some ministerial error.

Accordingly, we find that the Defendant, by insisting on a constitutionally mandated right, did not waive her right to a speedy trial. Finally, the State failed to provide the Defendant a trial by jury within prescribed period.

Accordingly, this case is reversed and remanded to the lower Court with instructions to enter an Order of Discharge.

CARLISLE, COHEN, JJ - concur.